Barney DIXON, Plaintiff,

v.

The **CERTAINTEED CORPORATION,** et al., Defendants.

Civil Action No. 94–2310–GTV.

United States District Court, D. Kansas.

June 28, 1996.

Paul E. Serrano, Jr., Robert L. Dameron, Blake & Uhlig, P.A., Kansas City, KS, Henri J. Watson, Russell S. Dameron, Watson & Dameron, Kansas City, MO, for Barney Dixon.

Roger W. Warren, Kathryn A. Regier, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for the Certainteed Corporation.

Bernard T. Schmitt, Harris, McCausland & Schmitt, P.C., Kansas City, MO, for Precision Constructors, Inc.

Jack L. Fortini, Fortini, Magruder, Bolanovich & Tills, Kansas City, MO, David E. Larson, Brett A. Davis, Westwood, KS, for Insurance Solutions.

David E. Larson, Brett A. Davis, Westwood, KS, for Brookville Insurance Agency, Inc.

Thomas R. Buchanan, McDowell, Rice, Smith & Gaar, Kansas City, MO, for Henry F. Teichmann, Inc.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The Court has before it Plaintiff's Motion for Leave to Name Rebuttal Witness Out of Time, and for Extension of Time to Name Other Rebuttal Witnesses Pursuant to Rule 26(a)(2)(C) (doc. 228). Plaintiff thereby seeks leave to designate Steven B. Karch, M.D. as an expert witness for rebuttal. The motion also asks for additional time to May 28, 1996, to name other rebuttal witnesses. Plaintiff has filed a similarly titled supplemental motion (doc. 243), to change the requested deadline from May 28 to June 30, 1996. Defendant Certainteed Corporation (Certainteed) opposes the first motion, primarily upon grounds of untimeliness and failure of plaintiff to show excusable neglect in not designating the proposed witnesses by January 29, 1996. No party has opposed the supplemental motion, which merely seeks to extend the deadline if the main motion is sustained.

The motion raises a question which stems from the designation by defendant of four expert witnesses. Their proposed testimonies relate to the extent, if any, to which the alleged personal injury and damages of plaintiff may have resulted from his own alleged use of alcohol and cocaine. On December 29, 1995, defendant designated its expert witnesses, addressing these questions which relate to the alleged negligence of plaintiff.

Plaintiff has designated. no expert witnesses for his case in chief, at least with respect to the alleged substance use or abuse and its possible cause of his damages. His supporting memorandum notes that Fed. R.Civ.P. 26 provides that expert witnesses in rebuttal be named within 30 days after disclosure of expert witnesses by the defendant. He concedes this created a deadline of January 29, 1996. He sought no extension. He filed the present motion April 29, 1996.

Plaintiff pursues his motion with several arguments: He contends that, upon receiving reports of the defense expert witnesses, he did not fully appreciate their significance or the extent to which his own conduct would be a material issue in the case. He also argues that, except for Dr. Karch, plaintiff has not

yet been able to identify qualified expert witnesses for rebuttal and needs additional time to do so. He suggests these facts show excusable neglect for failure of his counsel to seek an earlier extension of time for designating rebuttal witnesses.

Plaintiff further argues he will unfairly and unjustly suffer from a complete inability to offer any expert testimony to controvert or refute the defense experts on the material issue of his own alleged negligence, unless granted the additional time he seeks. He points out that sustaining his motion would cause no prejudice to defendant, particularly in view of the trial setting for January 1997 and the provision in Rule 26 for naming rebuttal expert witnesses as late as 90 days before trial. Accordingly, he asks the court in the interests of justice and fairness to exercise its discretion in scheduling discovery, so as to allow the designations, with or without a showing of excusable neglect.

Opposing the motion, defendant Certainteed urges the court to recognize and apply the mandate of Fed.R.Civ.P. 26(a)(2)(C). Defendant emphasizes the strict time limit of 30 days after its own designations within which plaintiff could designate rebuttal expert witnesses. For supporting authority, it cites *Finley v. Marathon Oil Co.,* 75 F.3d 1225 (7th Cir.1996). Defendant also seeks to strengthen its argument by referring the court to a Memorandum and Order (doc. 200) previously entered in this case. That Order emphasizes the mandatory nature of the word "shall" in Fed.R.Civ.P. 26(a)(1). The word "shall" also appears in Rule 26(a)(2)(C), regulating the deadlines for disclosure of expert witnesses.

Defendant distinguishes *Knapp v. State Farm Fire & Casualty Company,* No. 94–2420–EEO, 1995 WL 340991 (D.Kan. May 31, 1995). The undersigned magistrate judge in that case granted defendant leave to designate an additional rebuttal expert witness. Application of Rule 26(a)(2)(C) did not control the ruling. The court nevertheless noted that the period of 30 days to designate rebuttal experts had not yet expired for the defendant in *Knapp.* The court agrees that *Knapp* does not govern the present motion.

Defendant Certainteed further argues that plaintiff here has not shown excusable neglect for designating rebuttal experts out of time. It notes that its defense of comparative fault of plaintiff has been the subject of discovery at least since June 1995. It designated its own expert witnesses on December 29, 1995. It has co-operated to make them available for plaintiff to depose. It argues that sustaining the present motion would prejudice defendant, because its experts have been deposed without the benefit of any report from the proposed rebuttal witnesses.

Both plaintiff and defendant Certainteed refer to Fed.R.Civ.P. 26(a)(2)(C) as a controlling rule to determine timeliness for designating rebuttal witnesses. It provides as follows:

> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

To apply the time limit of 30 days in Rule 26(a)(2)(C) as defendant suggests would create a curious result and questionable fairness. Defendant here asserts as an affirmative defense that plaintiff is comparatively at fault in causing his injury. That defense may defeat or substantially reduce any recovery to which plaintiff might otherwise be entitled. Defendant has the burden of proof on this issue. It has designated expert witnesses who will testify in support of the defense that plaintiff was at fault. If the court thus interprets Fed.R.Civ.P. 26(a)(2)(C) to set a rigid deadline of 30 days for reports of rebuttal experts, plaintiff will proceed to trial with no opportunity for expert testimony to challenge that of defendant on a material issue. Defendant says that is exactly what the rule requires. Yet over six months remain before trial—twice the period of 90

days which the rule fixes as generally adequate.

■ In the opinion of the Court the argument of defendant ignores the principal purpose of Rule 26(a)(2)(C) and unnecessarily elevates the importance of the limitation of 30 days. Rule 26(a)(2)(C) serves primarily to require disclosure of expert testimony early enough before trial to allow parties and counsel adequate time to prepare cross-examination, confer with their own experts, and file any supplementations. Absent an order to the contrary, the rule sets this period of time generally as 90 days before the trial date or the date the case is to be ready for trial.

The rule provides a safety valve, however, for the party who receives the report of an opposing expert with either insufficient or no time left to provide one in rebuttal before the deadline of 90 days before trial. Under those circumstances fairness requires that the recipient of the initial report have some minimum period within which to provide a report solely for contradiction or rebuttal. The rule thus provides in all instances a period of not less than 30 days for rebuttal reports. If a party were to designate an expert witness 91 days before trial, for example, his opponent could then designate an expert witness for rebuttal as late as 61 days before trial.

■ Thus construed, the provision for 30 days to disclose solely contradictory or rebuttal expert testimony simply fulfills a subordinate and secondary purpose of Rule 26(a)(2)(C). It allows such disclosure up to the 60th day before trial, i.e. 30 days later than the 90th. The provision for 30 days, on the other hand, requires no disclosure of expert testimony, whether rebuttal or otherwise, earlier than 90 days before trial. For the party who needs it the rule thus provides an extension, not a shortening, of the primary deadline. Neither the purpose of the rule nor its explicit language requires an interpretation that reports of rebuttal experts must be provided within 30 days of an original disclosure, even though trial is more than 90 days away. The argument of defendant demonstrates no such purpose. The court otherwise knows of none.

■ The language of the rule itself suggests that the provision for 30 days is subordinate to the requirement of 90 days before trial. The rule uses the disjunctive word "or" to introduce the former provision. If the requirement for 30 days were intended to apply in all instances to rebuttal disclosure, the drafter would more likely have used the conjunctive "and."

The Court also finds support for its interpretation in the advisory committee notes to the 1993 amendments to Rule 26. They provide the following explanation for subsection (a)(2):

> **Paragraph (2).** This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue. In the absence of such a direction, the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert.... (Underscoring added.)

This interpretation of Rule 26(a)(2)(C) affords fairness to all parties. It accords with the requirement that the rules be construed and administered to secure the just, speedy, and inexpensive determination of every action. Fed.R.Civ.P. 1. It leaves at least 60 days before trial for possibly deposing the designated rebuttal expert, consulting with other experts, and supplementing prior disclosures. This avoids prejudice to the opposing party.

The court has reviewed the cases cited by defendant. It finds *Finley* distinguishable. The Seventh Circuit Court of Appeals there affirmed denial of expert testimony disclosed to the opposing party only a few days before trial. The decision notes that such disclosure was months after the period of 30 days provided by Rule 26(a)(2)(C). The opinion does not indicate, however, when that period began or ended in relation to the deadline of 90 days. Nor does it discuss the relationship between the two deadlines. In any event disclosure only a few days before trial differs materially from the facts here. Trial remains over six months away.

■ The court finds no persuasion in the suggestion that defendant will suffer prejudice, if the motions are granted. Defendant states it submitted its experts for depositions after the deadline for rebuttal experts. Before testifying, therefore, its own experts had no opportunity to review any of the reports of the rebuttal experts. The court knows of no rule or principle, however, which precludes depositions of expert witnesses because they have not had the opportunity to review the reports of other experts.

In view of its ruling in this order the Court would correct a *dictum* in its Memorandum and Order in *Knapp*. That decision noted that identification of rebuttal testimony would have extended through June 14, 1995, or thereabouts. As it now analyzes Rule 26(a)(2)(C), it should have noted the extended date to be in early August, 1995.

For the foregoing reasons the Court sustains Plaintiff's Motion for Leave to Name Rebuttal Witness Out of Time, and for Extension of Time to Name Other Rebuttal Witnesses Pursuant to Rule 26(a)(2)(C) (doc. 228). The Court also sustains Plaintiff's Supplemental Motion for Leave to Name Rebuttal Witness Out of Time, and for Extension of Time to Name Other Rebuttal Witnesses Pursuant to Rule 26(a)(2)(C) (doc. 243).

IT IS SO ORDERED.