**MONOPOLY HOTEL GROUP, LLC, Plaintiff,**

**v.**

**HYATT HOTELS CORPORATION, Defendant.**

**Civil Action No. 1:12–CV–1250–JEC–JSA.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 9, 2013.

A. Todd Merolla, Merolla & Gold, LLP, Atlanta, GA, for Plaintiff.

Norman M. Leon, DLA Piper LLP, Chicago, IL, Paul Monnin, Zachary Michael Levasseur, DLA Piper U.S. LLP, Atlanta, GA, for Defendant.

## ORDER

JUSTIN S. ANAND, United States Magistrate Judge.

The above-captioned action is before the Court on Plaintiff's Motion for Reconsideration Regarding Motion to Strike "Rebuttal" Expert for Defendant [59] ("Motion to Reconsider"). Plaintiff's Motion to Reconsider asks the Court to reconsider its denial of Plaintiff's earlier-filed Motion to Strike Rebuttal Expert for Defendant [19] ("Motion to Strike"). For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Reconsider [59].

## I. BACKGROUND

In Plaintiff's Motion to Strike [19], Plaintiff argued that Defendant produced the expert report of Scott D. Berman (the "Berman Report") too late under Rule 26 of the Federal Rules of Civil Procedure. Plaintiff delivered its expert report, from Mark S. Beadle (the "Beadle Report"), to Defendant on June 18, 2012. Defendant, however, did not produce the Berman Report to Plaintiff until October 31, 2012. Plaintiff argued that the Berman Report was solely intended to rebut the evidence in the Beadle Report, and that the Defendant was thus required to produce the Berman Report to it within thirty days of the Plaintiff's disclosure of the Beadle Report to Defendant, that is, by July 18, 2012. Thus, Plaintiff argues that Defendant served the rebuttal Berman Report more than three months too late.

It its brief, Defendant argued that the Berman Report was not intended to "solely" rebut the Beadle Report and therefore that the thirty-day deadline of Rule 26(a)(2)(D) did not apply. Defendant also argued that any breach of the thirty-day deadline, if it applied, was substantially justified given the history and complexity of this case and was harmless because it produced the Berman Report well before the expiration of discovery. Defendant pointed out that Plaintiff had more than enough time in the discovery schedule to depose Mr. Berman, and has done so.

In its brief, Defendant did not contest that, under Rule 26, a rebuttal expert report is due thirty days after receipt of the report it is rebutting. At oral argument on February 21, 2013, however, Defendant argued for the

first time that Rule 26(a)(2)(D) allows the service of a rebuttal report either thirty days after receipt of the report it is rebutting, *or* ninety days before trial. Because Defendant served the Berman Report more than ninety days before trial—indeed no trial date has been set at this time—Defendant argued that service was timely even if the report could be construed as solely a rebuttal report. Defendant made this argument based on the plain text of the rule, the comments of the advisory committee, and case law.

The Court made its findings and issued a ruling during the hearing on February 21, 2013.

First, the undersigned found that the Berman Report was intended to be a rebuttal to the Beadle Report. In the Berman Report, Berman states: "Specifically, I have been retained to address the lost fee income value and comments contained in the reports (Horwath Reports) dated July 20, 2011 and December 15, 2011, prepared by Mark S. Beadle ("Beadle") of Horwath Hospitality & Leisure, LLC ("Horwath") on behalf of Monopoly." Merolla Dec. at ¶ 12, Ex. I at 3. Moreover, the Berman Report is focused entirely on why the Beadle Report is flawed or incomplete. Thus, the Berman Report appears to be intended "solely to contradict or rebut evidence on the same subject matter identified by another party."

Second, nevertheless, even if the Berman Report had been due thirty days after the Beadle Report, the undersigned found that striking the Berman Report was unwarranted. The undersigned found that Plaintiff suffered no discernible prejudice from the delay and also that, given the complexity of the case, a delay of more than thirty days to respond to the Beadle Report would have been justified.

Third, moreover, the undersigned agreed with the Defendant's argument that under a plain reading of Fed.R.Civ.P. 26(a)(2)(D), combined with the advisory committee notes, the Berman Report was timely even though served more than thirty days after the Beadle Report. The undersigned agreed with

Defendant's reading of the rule, that is, that Rule 26(a)(2)(D) provides that a rebuttal report, absent more specific order, must be served at least ninety days before the date set for trial *or* within thirty days after the other party's disclosure, whichever is later. *See* Fed.R.Civ.P. 26(a)(2)(D); *see also* Advisory Committee Notes to the 1993 Amendments ("the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, *except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert* ") (emphasis added).

After the hearing, Plaintiff filed its Motion to Reconsider [59] on the question that had not been the subject of the initial briefing but rather was raised at oral argument, that is, whether a rebuttal report filed more than thirty days after the initial report but earlier than ninety days before trial is timely. The Court then issued a written Order briefly summarizing its rulings on other discovery issues raised by Plaintiff in a separate Motion to Compel [21]. *See* Order [66] dated February 28, 2013. That Order noted that the Court had denied Plaintiff's Motion to Strike but was reconsidering that ruling in light of the Plaintiff's Motion for Reconsideration. *See id.* at 1–2.

## II. DISCUSSION

### A. *Plaintiff's Motion To Reconsider Is Procedurally Proper*

■ Defendant argues, in a footnote, that Plaintiff's Motion to Reconsider is procedurally improper because it is not based on "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Def. Br. [67] at 1 n. 1 (*quoting Perspolis, Inc. v. Federated Mut. Ins. Co.,* No. 1:03–CV–2456–JEC, 2006 WL 826469, at *1 (N.D.Ga. Mar. 28, 2006)). In the circumstances here, the Court rejects this argument.

The matter under reconsideration was an argument that Defendant raised for the first time at oral argument, without prior notice in the pre-hearing briefing. For that reason, the Court declined to consider the authority cited by Defendant other than the text of the rule itself and the advisory committee notes, which Plaintiff was presumably aware of. But given how this matter was raised the Court will not deny Plaintiff the opportunity to fully brief this question and in fact the Court appreciates being able to consider this and the relevant authority more thoroughly. Thus, the Court finds the Motion to Reconsider to be properly filed.

B. *Upon Reconsideration, The Court Again Finds That The Berman Report Was Timely Served*

■ Rule 26(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

(D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed.R.Civ.P. 26(a)(2)(D).

The Advisory Committee Notes make clear that the thirty-day period referred to in Rule 26(a)(2)(D)(ii) expands, rather than narrows, the deadline. *See* Advisory Committee Notes to the 1993 Amendments ("the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that *an additional 30 days is allowed* (unless the court specifies another time) for disclo-sure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert") (emphasis added); *see also* Wright, Miller, Kay and Marcus, *Federal Practice and Procedure* § 2031.1 (2012) ("Failing direction from the court, the parties are to exchange expert information simultaneously 90 days before the trial date, although they have an additional 30 days *after that* to disclose evidence intended solely to contradict or rebut evidence on the same subject matter identified in another party's disclosures.") (emphasis added).

■ This reading comports with the ordinary statutory construction of the disjunctive "or," which generally suggests inclusion rather than exclusion. *See generally Reiter v. Sonotone Corporation,* 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise."); *United States v. Popkin,* 943 F.2d 1535, 1538 (11th Cir.1991) (interpreting the use of the broad disjunctive "or" as inclusive, expanding the conduct that could violate the statute).

Here, the ordinary reading of the text— bolstered by the clear legislative intent as reflected in the advisory committee guidance—suggests that the rule is satisfied if either subsection (i) *or* subsection (ii) applies. In other words, an expert report must generally filed more than ninety days before trial *or,* in the case of rebuttal reports only, an additional thirty days is allowed. Thus, a report that would otherwise be untimely under subsection (i) for being filed less than ninety days before trial would still be timely if it was solely a rebuttal report and was filed within thirty days of the disclosure of the report it was rebutting.

Now that this question has been fully briefed, both sides have submitted authority supporting their interpretations of Rule 26. The Court is persuaded by the case authority cited by Defendant. The Court in *Dixon v. Certainteed Corporation,* 168 F.R.D. 51, 53–

54 (D.Kansas 1996) explained the thirty-day time limit for rebuttal reports as "a safety valve," allowing for an exception to the otherwise applicable deadline of ninety days before trial, "for the party who receives the report of an opposing expert with either insufficient or no time left to provide one in rebuttal before the deadline of 90 days before trial." *Id.* Thus, "the rule provides an extension, not a shortening, of the primary deadline. Neither the purpose of the rule nor its explicit language requires an interpretation that reports of rebuttal experts must be provided within 30 days of an original disclosure, even though trial is more than 90 days away." *Id.; accord Travelers Property Casualty Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh,* 2008 WL 8743667, *1 (W.D.Mo. February 14, 2008).

Plaintiff's reading of Rule 26 would instead require a shortened, more restrictive deadline for rebuttal reports than for reports that both rebut and also cover additional subject matter. According to Plaintiff, if the Berman Report were solely a rebuttal to the Beadle Report, it was due in July 2012. Under Plaintiff's reading, however, if Berman had offered any opinion that went beyond the scope of Beadle's analysis at all, Defendant would not have been bound by the thirty-day deadline and presumably could have served the report up until ninety days before trial. This disparate treatment of reports that are "solely" in rebuttal versus reports that are "rebuttal-plus-more," defies common sense and the statutory purposes and leads to distorted results. Indeed, under Plaintiff's reading of the rule, a party intending to rebut an adversary's expert could evade the thirty-day rule simply by *adding* subject matter to the report, so that it was not "solely" in rebuttal. In other words, under Plaintiff's reading, the more extensive a report and the more subjects that it covers, the less timely disclosure would be, and the more a party would be able to withhold it until the last minute. That construction serves no purpose at all, and defies the policy behind the disclosure rule, which is to promote timely disclosure of expert reports.

The Court finds Plaintiff's authority, *Bowman v. IBM,* 2012 WL 6596933, 2012 U.S. Dist. LEXIS 178604 (S.D.Indiana, December 12, 2012), to be distinguishable and unpersuasive. That opinion disagreed with *Dixon* and found a rebuttal expert report to be untimely when it was served more than thirty days after the report it was rebutting, even though trial was more than ninety days away. *Id.* at *2–*3, 2012 U.S. Dist. LEXIS 178604 at *6–*9. *Bowman* is distinguishable because the timing of the disclosure on the particular facts of that case was substantially more prejudicial than anything present here. In that case, the plaintiffs filed their expert reports and legal briefs on the question of class certification and, in compliance with a case management order, defendants responded with opposing expert reports and an opposition legal brief. Plaintiffs then served "reply" reports, apparently responding to the defendants' opposition reports, seventy days later, after the matter of class certification had already been briefed to the court. *See id.* at *1, n. 1, 2012 U.S. Dist. LEXIS 178604 at *4, n. 1. There was no provision in the case management order—which otherwise specifically discussed the timing of expert discovery and class certification briefing—for this late submission of "reply" reports after the principal briefing. It was in this context that the court struck the "reply" reports as untimely. By contrast, in this case, Defendant served the Berman Report more than thirty days before discovery cut-off, with sufficient time for Plaintiff to conduct a deposition, and not in the midst of substantive motion practice relating to the report.

To the extent *Bowman* declares that reports solely in rebuttal are always due thirty days after the original report, regardless of how much time is left before trial or discovery cut-off, the undersigned disagrees. *Bowman* expressed concern that, without a strict thirty-day deadline for rebuttal reports, opposing parties could "wait to serve a rebuttal report after the opposing party already deposed [its] experts." *Id.* at *2–*3, 2012 U.S. Dist. LEXIS 178604 at *7. But the thirty-day deadline proposed by Plaintiff does not pre-

vent such timing. Defendant upon receipt of the Beadle Report could have immediately noticed Beadle's deposition, and taken it, all before thirty days passed, thus still accomplishing the result that *Bowman* suggests Rule 26(a)(2)(D) was intended to foreclose. Moreover, as explained above, Defendant could have easily evaded the thirty-day deadline for providing the Berman Report simply by adding subject matter to it, so that it would not be "solely" in rebuttal to Beadle. If Rule 26(a)(2)(D) were intended to strictly require rebuttal opinions within thirty days—for deposition purposes or otherwise—surely the drafters would not have allowed this massive loophole. Thus, the undersigned declines to follow the reasoning of *Bowman*—which is a decision best understood in the context of the more egregious facts at issue in that case—and rather concludes that *Dixon* is more persuasive authority.

For parties who are concerned about producing their expert for a deposition prior to receipt of a rebuttal report, the answer is to obtain a customized case management order. The parties are free to negotiate and present the Court with an agreed-to proposed scheduling order that clarifies the timing of expert depositions, and/or can submit competing orders requesting whatever schedule each side feels is more appropriate. But absent a case-specific order, there is simply nothing in the default deadlines provided by Rule 26 that entitles a party to receive a rebuttal report before producing its expert for a deposition.

Thus, because Defendant served the Berman Report well more than ninety days before trial, and with sufficient time remaining in the discovery schedule to allow for Plaintiff to depose Berman, the Court again finds that disclosure was timely under Rule 26(a)(2)(D).

### C. *Any Delay Was Substantially Justified And/Or Harmless*

█ Even assuming that Defendant's service of the Berman Report was untimely, Plaintiff's request that Berman be excluded entirely from the case is an extreme remedy. The Court reiterates its finding, which was previously stated on the record during the hearing, that any delay was substantially justified and was not prejudicial, and that the sanction of exclusion was unwarranted. *See* Transcript of February 21, 2013 Hearing [74] ("Tr.") at 92–95.

Rule 37 of the Federal Rules of Civil Procedure provides that evidence not disclosed in accordance with Rule 26(a) shall not be used by the party who failed to disclose it, "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The Rule also vests the courts with significant discretion to consider other remedies instead of or in addition to the sanction of exclusion. *Id.*

Here, the Court finds that any failure to disclose the Berman Report within thirty days of the Beadle Report was substantially justified in light of the complexity of the case and the issues addressed by these experts. This is not an ordinary case, but rather an alleged $100 million dispute involving valuations of revenue streams from hotels and prospective hotels in the Middle East and Africa. That Defendant's expert took more than thirty days to respond to Plaintiff's damages calculations was not unjustified given the nature of the case.

█ The Court also finds no prejudice to Plaintiff. Plaintiff received the Berman Report with time left in the discovery schedule to conduct a deposition, and did conduct a deposition. No summary judgment motions or other motions relating to the substance of the expert reports were pending at the time. There is simply no concrete prejudice to which Plaintiff can point from having received the Berman Report in October instead of July.

The Court directly asked counsel for Plaintiff at the hearing as to what prejudice it suffered. Tr. [74] at 10–18. Counsel's principal response was that Mr. Beadle would have reviewed Berman's rebuttal prior to being deposed. *Id.* at 15. But, when

pressed, Plaintiff's counsel could not explain how not having the Berman Report actually impacted the deposition and could not identify any particular issue that Mr. Beadle would have been better prepared to address having reviewed the Berman Report. *Id.* at 16–18. To the contrary, in acknowledging that he could not identify any way in which having the Berman Report would have changed the substance or quality of Beadle's answers, Plaintiff's counsel stated that "I don't think much of the Berman report." *Id.* at 17.[1]

Moreover, as explained above, even Plaintiff's reading of Rule 26(a)(2)(D) does not entitle it to receive the rebuttal expert's report prior to the deposition of its own expert. And according to Plaintiff, Defendant could have permissibly withheld the Berman Report until October—after Beadle's deposition—so long as it included *more* subject matter than just Berman's rebuttal of Beadle. In other words, while Plaintiff argues that it was sandbagged with the October production of the rebuttal report, it necessarily suggests that the October production would have been timely, and would not have been harmful, if only it had been *more* voluminous in scope. The absurdity of this reading of the Rule once again shows that it must be wrong. It also refutes that any cognizable prejudice ensued.

For all of these reasons, the Court, upon reconsideration, finds that Plaintiff's Motion to Strike [19] was properly denied.

### III. CONCLUSION

Thus, the Plaintiff's Motion to Reconsider [59] is **DENIED.**

**IT IS SO ORDERED.**

---

1. One reason the Court pressed Plaintiff on the question of prejudice was to determine whether or not any other remedy could be imposed to address any harm. Tr. [74] at 10. For example, the Court hypothesized that the late service of the report could have arguably denied Plaintiff the chance to bolster his opinion with a "reply" report by Beadle to address anything that Berman raised in more detail. *Id.* In that case, the Court raised the question of whether enlarging the time to permit a supplemental report by Plaintiff could address this harm. But Plaintiff's counsel stated that even if he had more time, he likely would not have served a reply report, because "I don't think much of [Berman's] report in terms of the case in any event." *Id.* at 33. This exchange continued to leave the Court wondering as to what harm ensued.